[Sac. No. 420.    Department Two.—April 9, 1898.]

A. V. LISENBY, Administrator, etc., Appellant, v. NILES NEWTON et al., Respondents.

VENDOR AND VENDEE—PURCHASE PRICE—LIABILITY OF ASSIGNEE OF VENDEE.— The promise of the vendee to pay the agreed price in a contract for the purchase of real estate is not of itself a covenant accompanying the equitable interest of the purchaser into the hands of his assignee; nor will a provision in such contract, that its stipulations "are to apply to and bind the . . . . assigns of the respective parties," render the assignee of the vendee personally liable to the vendor for the unpaid purchase price.

APPEAL from a judgment of the Superior Court of Kings County. Justin Jacobs, Judge.

The facts are stated in the opinion.

George B. Graham, for Appellant.

Horace L. Smith, for Respondents.

BRITT, C.—Prettyman Barr, the plaintiff's intestate, entered into a written contract with defendant Newton whereby Barr agreed to sell and Newton agreed to buy a certain tract of land; Newton promising to pay the stipulated price and interest thereon within two years from the date of the contract, and Barr covenanting to convey the land to Newton or his assigns on receiving such payment. The contract contained a provision that the stipulations thereof "are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties." Afterward, in consideration of a sum of money to him paid by defendant Sharples, said Newton assigned all his right, title, and interest in and to the contract, and the premises which were the subject thereof, to said Sharples. In virtue of such assignment Sharples took possession of the land and made certain payments to Barr of principal and interest on account of the contract price. Plaintiff brought this suit on said contract against both Newton and Sharples. The superior court rendered a decree ascertaining the amount of purchase money due from defendant Newton and ordering the sale of the land to raise such amount, with costs, etc., but directing also that no personal judgment for deficiency be taken against Sharples. Plaintiff contends on appeal that Sharples was personally responsible for the purchase money and interest.

Of course, no assignee of the purchaser in an executory contract for the sale of real estate can require the vendor to convey unless the purchase money be paid, but this conditional right to a conveyance is quite a different thing from personal liability to compulsory payment at the suit of the vendor; such liability can result only from some express or implied contract of the assignee, and is not implied from the mere assignment of the original contract, although followed by possession of the land. There are authorities which deny that a covenant can in any case run with an equity, or without a legal estate in the land; we need not inquire what limitations attend the principle, for it

is clear that the promise to pay the agreed price in a contract
for the purchase of real estate is not of itself a covenant ac-
companying the equitable interest of the purchaser into the
hands of his assignee. (*Champion v. Brown*, 6 Johns. Ch. 398;
10 Am. Dec. 343; Civ. Code, sec. 1461, et seq; see *Fresno etc.
Co. v. Rowell*, 80 Cal. 114; 13 Am. St. Rep. 112.)   Hence, if
Sharples is liable at all in this action it must be in consequence
of the clause of the contract which in terms extends the obliga-
tions of the instrument to the assigns of the parties; but since
the promise to pay was only the personal covenant of the prom-
isor, the attempt to include in its force the assigns of the vendee
is inoperative; it was not competent for the parties in this man-
ner to create a contract for such assigns.   Such is the ancient
rule of the common law; thus, it is said in the Touchstone: "In
some cases an assignee shall be charged though he be not named,
and in some cases shall not be charged though he be named, and
in some cases he shall be charged when he is named. . . . . And
if the covenant be to do a thing merely collateral; in that case
it will not bind the assignees albeit they be named  expressly.
Also when a contract is personal only, and a man doth bind him-
self and his assigns; his assigns shall not be bound hereby"
(pp. 178, 179.)   And in Sir Edward Coke's report of *Spen-
cer's case*, 5 Coke, 16 a, we are informed that: "It was re-
solved . . . . if a man demises a house and land for years, with
a stock or sum of money rendering rent, and the lessee covenants
for him, his executors, administrators, and assigns, to deliver the
stock or sum of money at the end of the term, yet the assignee
shall not be charged with this covenant; for although the rent
reserved was increased in respect of the stock or sum, yet the
rent did not issue out of the stock or sum, but out of the land
only; and therefore, as to the stock or sum, the covenant is per-
sonal and shall bind the covenantor, his executors and admin-
istrators and not his assignee."   The illustrious reporter re-
marked further: "Observe, reader, your old books, for they are
the fountains out of which these resolutions issue."   Equally,
in the case before us, the covenant is to pay a sum in gross not
issuing out of the land, and not for its benefit or protection; in
other words, it is a personal and not a real covenant, and possesses
no transitive quality.   (See 1 Smith's Leading Cases, 6th Am. ed.,
158, 162, 211.)

By the assignment from Newton to Sharples it may be that as between them Sharples became impliedly bound to protect his assignor against the demands of the vendor on the contract (*Cutting Packing Co. v. Packers' Exchange,* 86 Cal. 574; 21 Am. St. Rep. 63); but that is no concern of the plaintiff; such an obligation (if it arose) did not spring from a contract expressly made for the vendor's benefit, and he cannot take advantage of it. (Civ. Code, sec. 1559; *Chung Kee v. Davidson,* 73 Cal. 522.) Section 1589 of the Civil Code, cited by appellant, is not involved here. (*Stone v. Owens,* 105 Cal. 292.) The judgment should be affirmed.

Belcher, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.