[Sac. No. 953.   Department One.—July 8, 1902.]

## CELESTINA M. CANALE et al., Appellants, v. BENDETTA COPELLO, Respondent.

LEASE—ASSIGNMENT BY HUSBAND TO WIFE—DELIVERY TO NOTARY— RECORD AFTER DEATH—RETENTION OF CONTROL BY HUSBAND.—Where an assignment of a lease for years by a husband to his wife was never delivered to her, but was placed in the hands of the notary who took the acknowledgment, to be held for the husband or his order, for the benefit of the wife, to be recorded by the notary after his death,—in an action against the widow upon the lease, the jury were justified in finding that the husband had not parted with the control of the lease or the assignment, and might have recalled the assignment if he had recovered from illness, and that he had made no valid delivery thereof.

ID.—PAYMENT OF RENTAL — RECITAL IN SUB-LEASE — ESTOPPEL.— The payment of rental by the widow during her occupancy without at any time informing the lessor that she was holding under the lease, could not create an estoppel against her; nor was such estoppel created by a recital in a sub-lease that she held a lease of the property for the unexpired term, which only tended to show that she then knew of the assignment, which in fact had no existence for want of delivery.

ID.—ACCEPTANCE OF BENEFIT—CONSTRUCTION OF CODE.—Section 1589 of the Civil Code, in reference to the voluntary acceptance of the benefit of a transaction, applies only when the person accepting the benefit thereof is a party to it; and the widow did not accept any benefit from the lease, which was not assigned to her, and under which she was not holding.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

Louttit & Middlecoff, for Appellants.

Nicoll, Orr & Nutter, for Respondent.

CHIPMAN, C.—Action for rent. The cause was tried before a jury, and defendant had the verdict. The appeal is from the judgment and from the order denying motion for a new trial.

Defendant, Bendetta Copello, is the surviving widow of Gios Copello, deceased; in his lifetime, and on March 1, 1894, a

lease of certain premises, situated in the city of Stockton, was made to him for the term of five years, at the rental of sixty-five dollars, payable monthly, and he occupied the property, with defendant and their family, until June 17, 1894, when he died. The day before he died he executed an assignment of the lease to his wife in writing, duly acknowledged before a notary, who retained possession of the assignment and caused it to be recorded June 22, 1894. After her husband's death, defendant continued to reside on the premises, except for a few months, as will hereafter appear, until April 3, 1897, at which time she removed therefrom. She paid a monthly rental of sixty-five dollars during her occupancy. Plaintiffs claim that the assignment of the lease was delivered to defendant, and that she, having accepted it, is bound to pay the rent reserved to the end of the term. Defendant denied that the assignment was delivered to or accepted by her, or that she occupied the premises under the assignment. The principal question was whether the assignment was delivered. The testimony on this point comes from the notary public who drew the document and took Copello's acknowledgment. He testified that he was told on June 16th that Copello wanted to see him; he went to the leased premises and found Copello quite sick and in bed; he drew the assignment, saw Copello sign it, took his acknowledgment, and retained possession of it during Copello's life and recorded it after his death. Witness was asked the question: "What did Copello say to you in reference to this paper and what you should do with it?— A. As I remember I was to hold it until his death and record it after his death. I was holding it for him or his order for the benefit of his wife, to whom it was made, and I was to record it after his death." The original document was not produced, and it did not appear that Mrs. Copello ever had it in her possession. It was in evidence that in November, 1896, Mrs. Copello entered into a written agreement with John Nassano and Filippe Arata whereby she agreed to sell to them the furniture in the house, and in the agreement it was recited that she held a lease of the hotel property from Mrs. Podesta for an unexpired term of two years and four months from November 1, 1896, and by the agreement she sublet the premises to Nassano and Arata at sixty-five dollars per month during said remaining term. They went into possession and remained

in possession until March, 1897, paying rent to Mrs. Copello, who then resumed possession. She paid the rent to May 1, 1897, but left the premises April 3, 1897. Mrs. Copello testified that she could neither read nor write English; that she did not receive any assignment of any lease after her husband's death; that she continued to live with her family on the leased premises after her husband's death, paying sixty-five dollars per month rental. It was said in the leading case of *Bury* v. *Young,* 98 Cal. 446:[1] "There are well-considered cases holding that, even though the grantor delivers the deed to the depositary, reserving the right to recall it, yet if he dies without recalling it, and the deed is then delivered, that such delivery is complete and entire, and carries title. We are not disposed to indorse that doctrine, and think the principle recognized in this case goes far enough for all proper purposes. The essential requisite to the validity of a deed transferred under circumstances as indicated in this case is, that when it is placed in the hands of the third party it has passed beyond the control of the grantor for all time. That question is determined by the grantor's intention in the matter, and his intention in making the delivery is a question of fact, to be solved by the light of all the circumstances surrounding the transaction." (See, also, *Kenney* v. *Parks,* 125 Cal. 146.) The jury found from the facts before them that there had been no delivery and that defendant did not accept the lease and was not bound by it, and we cannot say that the evidence was wholly insufficient to justify such conclusion. Payment of rental by defendant at the agreed price and her recital in the agreement with Nassano and Árata tended to show that she knew of the assignment to her, but these circumstances throw but little light on her husband's intention when he made the assignment, of which she had no knowledge at the time and not until after his death. From the testimony of the notary, the jury might well have inferred that Copello did not part with all control and dominion over the lease, but that if he had recovered from his illness he would have had the right to recall the assignment. The notary testified that he "was holding it [the assignment] for him or his order," and this is wholly inconsistent with the idea that he intended to place the lease entirely beyond his control.

[1] 35 Am. St. Rep. 186.

That defendant paid rental did not create an estoppel against her. She at no time told the plaintiffs that she was holding under the lease, nor did she mislead them in any way to their injury. She paid rent while occupying the premises, which was her duty, irrespective of the lease.

It is claimed that there was a voluntary acceptance of the benefit of the lease, and that, under the provisions of section 1589 of the Civil Code, she thereby consented to all the obligations arising from the lease. (Citing *Gribble* v. *Columbus Brewing Co.,* 100 Cal. 67.) But that section applies only where the person accepting the benefit of the transaction is a party to it. (*Stone* v. *Owens,* 105 Cal. 292.) Besides, defendant did not accept any benefit from the lease; for it was not assigned to her and she was not holding under it. She paid rental during the entire period of her occupancy, and, on quitting possession, the evidence is, that she surrendered the keys and gave notice to plaintiffs, paying to May 1st, although she quit the premises April 3d.

We cannot discover prejudicial error in any of the rulings of the court in excluding or admitting evidence. Inasmuch as the assignment was never delivered, the points raised by these rulings are of less importance.

Plaintiffs submitted fourteen instructions and asked that they be given to the jury. The court prepared a series of instructions and gave them to the jury. In the charge some part of plaintiffs' instructions were included, some were modified, and some not given. We have examined the instructions as given and find that they covered every issue in the case very fully, and, we think, correctly stated the law. Where the court failed to give an instruction asked the action of the court was without error. The points presented do not seem to call for specific or extended discussion.

The judgment and order should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.