[Sac. No. 1828.   Department Two.—October 20, 1911.]

## B. L. JONES et al., Respondents, v. H. D. ALLERT et al., Appellants.

VENDOR AND VENDEE—WAIVER OF VENDOR'S LIEN—TAKING NOTE OF THIRD PERSONS AS SECURITY.—Under section 3046 of the Civil Code and irrespective of his intention, a vendor waives his lien on the real property sold by receiving a promissory note executed by third persons as security for the balance of the purchase price due from the vendee.  Upon the taking of such security the law fixes the intent as an absolute waiver.

ID.—CORPORATION ORGANIZED TO TAKE OVER PROPERTY—ASSUMPTION OF PERSONAL OBLIGATIONS OF NOMINAL VENDEE.—A corporation, which, in pursuance of the terms of an agreement for the sale of land, is organized to and does take over the property from the person nominally made the vendee therein, may by its conduct bind itself to the performance of the personal obligation of such vendee to pay the purchase price in accordance with the agreement.  In the present case the evidence is held sufficient to sustain a finding that a corporation so organized recognized its personal obligation to make such payment.

APPEAL from a judgment of the Superior Court of Plumas County and from an order refusing a new trial.  John E. Raker, Judge presiding at trial.  John L. Childs, Judge refusing new trial.

The facts are stated in the opinion of the court.

L. N. Peter, and H. W. Ballantine, for Appellants.

U. S. Webb, and J. A. Boyle, for Respondents.

HENSHAW, J.—This is an appeal by the defendants from a decree in favor of plaintiff, Annie E. Jones, wife of plaintiff, B. L. Jones, against one of the defendants, the Continental Mining Company awarding a personal judgment against the corporation for the balance of the purchase price of certain mining claims and declaring the amount of the judgment to be a vendor's lien upon the property. There is also an appeal from the order denying defendants' motion for a new trial.

The complaint alleged that the plaintiff, Annie E. Jones, was the owner, and that she and her husband, plaintiff B. L. Jones, were in the possession and operation of certain mining claims and ditch and water locations; that the plaintiffs entered into an agreement in writing with defendant Engle (who made default) to sell and convey this property to Engle or his assigns. It was understood and agreed that Engle would forthwith incorporate a mining company to develop and work the properties. Pursuant to their agreement, the plaintiffs executed a deed to the property conveying it to defendant Engle and placed it in escrow with directions to the escrowee to deliver the deed to Engle or his assigns upon performance of the agreement. Defendant Engle was at that time associated with defendants Allert and McLean and others, and they incorporated and organized the Continental Mining Company in accordance with the terms of the agreement. The plaintiffs then surrendered possession to the defendants, including the defendant Continental Mining Company, who entered, took possession and have continued in possession of the property ever since. By the terms of the agreement payments of the money were to be made on account of the purchase price from time to time and these payments were made. In addition thereto plaintiffs were to receive and did receive a certain amount of the stock of the defendant corporation. Defendants' agreement was in all respects complied with saving that they failed to make the last payment of forty-five hundred dollars. Prior to the time when this payment became due the defendants, officers of the defendant corporation, induced plaintiffs upon the representation of the convenience to the defendant corporation in promoting sales of its stock and in the management of the property to make another deed directly to said corporation and to instruct the escrowee to deliver their first deed to the defendant Engle, all of which was done.

Subsequently, at the request of Engle and of the corporation, the plaintiffs made amended locations to the lands and for a further assurance of the title of the corporation made new deeds to the corporation under these amended locations. After these subsequent acquisitions of title by the corporation, defendants Allert and McLean, who had always been stockholders, officers, and managers of the mining business of the corporation, at the instance of the corporation "and for and on its behalf, and for and in consideration of the purchase money for said property still unpaid as aforesaid, at the town of Langdon, North Dakota, did make" their promissory note to the plaintiff B. L. Jones for forty-five hundred dollars, the amount of the last payment on the purchase price of the property; "that plaintiffs received said promissory note and have since, and do now hold said promissory note and the defendants have promised plaintiffs that the said corporation defendant would pay said sum of money to these plaintiffs, but the said sum of money or any part thereof has not been paid and the whole thereof is now long past due and wholly unpaid." It is upon this pleading that the plaintiff sought a personal judgment against the corporation defendant and a vendor's lien upon the property for the amount of the judgment. This was awarded by the court. The answer of the defendant corporation set up that the plaintiffs "received and accepted the note from the defendants Allert and McLean in consideration of and as security for the unpaid portion of the purchase price of said property and do now hold said promissory note as security for the unpaid portion of the purchase price for said properties, and that said plaintiffs have thereby waived and abandoned any lien they might claim upon said property or any part thereof as security for said purchase price thereof." The finding upon this is "that said note was not accepted by said plaintiffs, nor by either of them, as payment of the balance due on the purchase price of said mine or any part thereof, or at all." This by respondent is construed as a finding that neither of the plaintiffs received the note for any purpose or at all, and that it thus negatives the averment of the defendants' answer. If such be the purport of the finding then it is in absolute conflict with the testimony of the plaintiff Mrs. Jones, the owner of the property. Interrogated as to the note she makes answer as follows:—

"Q. Haven't you kept it now for a little over four years?

"A. Yes, sir.

"Q. Haven't you been to town a great many times since the note was received by you?

"A. Yes, sir.

"Q. Didn't you and your husband place it in the hand of Judge Goodwin for collection in July, 1904?

"A. Yes, sir.

"Q. Did you not, you and your husband, authorize Judge Goodwin to take action for the collection of the note if necessary?

"A. Yes, sir.

"Q. You and Mr. Jones have considered all the time since you received that note, considered it belongs to you, and have a right to retain it, do you not?

"A. Yes, sir."

The finding is also at variance with the allegations of the complaint itself which are to the effect that the makers of the note gave it to the plaintiffs at the instance of the corporation "for and on its behalf and for and in consideration of the purchase money of said property still unpaid," and that "plaintiffs received said promissory note and have since and do now hold said promissory note and the defendants have promised plaintiffs that the said corporation defendant would pay the said sum of money to these plaintiffs." That the reception of this note under these circumstances was the taking of security working an absolute waiver of the vendor's lien there can be no doubt. Section 3046 of the Civil Code so provides and leaves no room for the consideration of cases arising in the absence of such statutory provision where the question turns upon the intent of the vendor to waive his lien. Upon the taking of security the law of this state fixes the intent as an absolute waiver. (*Pond* v. *Grigsby*, 21 Cal. 175; *Avery* v. *Clark*, 87 Cal. 619, [25 Pac. 919]; *Finnell* v. *Finnell*, 156 Cal. 559, [134 Am. St. Rep. 143, 105 Pac. 740]; *Royal Consolidated Mining Co.* v. *Royal Consolidated Mines*, 157 Cal. 737, [137 Am. St. Rep. 165, 110 Pac. 123].) It follows herefrom that such part of the judgment as decrees a vendor's lien cannot be sustained.

Appellants further urge that there is no evidence justifying a personal judgment against the corporation defendant, their

contention in this respect being that they merely took from Engle and did not assume the obligations of his contract (*Lisenby* v. *Newton,* 120 Cal. 571, [65 Am. St. Rep. 203, 52 Pac. 813]). But without elaborating upon the facts which justified the court's judgment in this regard, suffice it to say that the agreement and course of conduct of the parties give evidence that Engle was a mere intermediary and that the real party in interest was the corporation; that the officers of this corporation solicited and obtained from plaintiffs a deed to the property directly to it; that they entered into possession of the property under the deed and secured later deeds from the plaintiffs of amended locations; that they proposed to the plaintiffs to accept for the last payment the note of the corporation; that they delivered to plaintiffs on behalf of the corporation the security note above discussed; that the corporation had knowledge throughout of the Engle agreement; that it did not consider it necessary to secure or record a deed from Engle but rested upon the title obtained from plaintiffs, and in many ways through its officers made recognition of its personal obligation to make the money payments in accordance with the terms of the Engle contract. The findings and the judgment in this respect are, therefore, sufficiently sustained.

It follows from the foregoing that so much of the judgment as awards a vendor's lien to the plaintiffs must be reversed, and that in all other respects the judgment should be affirmed, and it is ordered accordingly.

Melvin, J., and Lorigan, J., concurred.