[Civ. No. 2177. Second Appellate District, Division One.—June 23, 1919.]

## E. E. BEAZLEY, Plaintiff and Respondent, v. O. H. EMBREE et al., Defendants and Respondents; PHILIP L. WILSON, Defendant and Appellant.

[1] PLACE OF TRIAL—PERSONAL ACTION—RESIDENCE OF MATERIAL DEFENDANTS.—In an action for the recovery of money upon a contract, if two of the material parties defendant reside in the county where it is brought, the court is justified in refusing to change the place of trial to the county of the residence of a third party defendant.

[2] VENDOR AND VENDEE—ASSIGNMENT OF CONTRACT OF SALE—LIABILITY OF ASSIGNEE TO VENDOR.—Where the vendees under a contract for the sale of real property assign their "right, title and interest" in the contract to another, but no words appear in the instrument of assignment by which the latter agrees to assume the obligations of the vendees, he is not liable to the vendor for the unpaid balance of the purchase price.

[3] ID.—CONSTRUCTION OF AGREEMENT—OPTION.—A written instrument relating to the sale and purchase of a certain piece of real property which contains terms which are appropriate to create reciprocal obligations is not a mere option.

[4] ID.—CONVEYANCE TO THIRD PARTY—BREACH OF CONTRACT—EVIDENCE.—Evidence that the vendor has transferred a right of way over the property agreed to be sold to a third party is not sufficient to warrant a conclusion that the vendor, upon proper tender and demand, will not be able to deliver such a title as he contracted to furnish.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Reversed.

The facts are stated in the opinion of the court.

A. W. Ashburn for Defendant and Appellant.

E. F. Keech for Plaintiff and Respondent.

Head & Marks for Defendants and Respondents.

JAMES, J.—Defendant Wilson appeals from a judgment entered in this action against him; and also from an order made prior to judgment denying his application for a change of place of trial from the county of Orange to the county of Los Angeles.

This action was brought to recover the sum of one thousand dollars and certain interest money alleged to be due from the defendants on account of conditions stated in a certain contract for the sale of realty. The real property was located in the county of Los Angeles. Plaintiff alleged that in 1911, as vendor, he made a contract for the sale of the real estate with the two defendants Embree as vendees; that in November, 1912, the vendees assigned their interest in the contract to the defendant Wilson, the assignment being in the following form: "We hereby transfer all our right, title and interest in this contract to Philip L. Wilson, and he agrees to accept the same. O. H. Embree, Rachel M. Embree, Philip L. Wilson." This allegation followed: "That at the time of receiving and accepting said transfer, all of the facts concerning said transaction were known to the defendant Philip L. Wilson and he thereby consented to and assumed all of the obligations arising from it and all of the obligations of the defendant O. H. Embree and Rachel M. Embree contained in said written agreement for purchase and sale." In the contract of sale, copy of which was attached to the complaint, it was shown that the total purchase price of the property was to be the sum of eight thousand dollars, which, after the first two payments of five hundred dollars each, was to be paid in installments of one thousand dollars annually, with interest. The plaintiff alleged that four thousand dollars had been paid, but that the payment of one thousand dollars, due December 1, 1915,

with interest, was unpaid. This action was brought February 16, 1916. It appeared without dispute in the evidence that defendant Wilson received the assignment of the Embrees immediately after the first two payments of five hundred dollars each had been made and that he took possession of the land and made the additional payments of three thousand dollars and interest which in the complaint it was admitted had been credited on the account. In this action the Embrees were permitted to file a cross-complaint as against defendant Wilson, in which they alleged in general substance the same facts respecting the assumption by Wilson of their obligation under the contract, and prayed that they have judgment against Wilson for any amount for which the court might render judgment in favor of plaintiff against them, and that Wilson be declared the principal debtor. The court's judgment awarded nothing to defendants Embree, but did direct, in accordance with the prayer of the complaint, that judgment be against the three defendants and "that execution first issue upon said judgment against the defendant Philip L. Wilson, and that upon a return of the same unsatisfied as to the whole or any part thereof, execution then issue against the defendants O. H. Embree and Rachel M. Embree for the balance then due."

[1] We think that the motion for change of place of trial was properly denied. The action was for the recovery of money upon the contract and was not for foreclosure of a lien against the real property. Of the three defendants the two Embrees were residents of Orange County and they were proper parties defendant, and from what will be said hereinafter it will appear that they are the real parties chargeable to the plaintiff under the contract. While at the time the notice was given for change of place of trial the two Embrees had not appeared in the action, they did appear before the motion was heard. The action being in form a personal one and as two material defendants resided in the county where it was brought, the court, was justified in refusing to change the place of trial to the county of the residence of the third. (*McKenzie* v. *Barling*, 101 Cal. 459, [36 Pac. 8].)

[2] The main contention of appellant as going to the merits of the case, is that under the assignment of the contract as made, appellant assumed no personal liability to the vendor; hence there was no right of recovery of the

judgment as made. By the terms of the written assignment it would appear that the Embrees assigned only their "right, title and interest" in the contract. No words appear in the instrument of assignment by which appellant agreed to assume the obligations of the Embrees. In other words, the assignment was a naked assignment and similar to that referred to in the case of *Lisenby* v. *Newton,* 120 Cal. 571, [65 Am. St. Rep. 203, 52 Pac. 813]. In that case Newton, the vendee, under an executory contract for the sale of real estate, "assigned all his right, title and interest in and to the contract, and the premises which were the subject thereof, to Sharples." In the opinion it is said that Sharples took possession of the land and made certain payments to the vendor of principal and interest on account of the purchase price. Default being made as to some of the payments, the vendor brought suit on the contract against the vendee and his assignee; the superior court holding, however, that the assignee was not liable to the vendor. Lisenby, as the administrator of the vendor's estate, prosecuted the appeal. In determining the case against the vendor's contention, the supreme court said: "Of course, no assignee of the purchaser in an executory contract for the sale of real estate can require the vendor to convey unless the purchase money be paid, but this conditional right to a conveyance is quite a different thing from personal liability to compulsory payment at the suit of the vendor; such liability can result only from some express or implied contract of the assignee, and is not implied from the mere assignment of the original contract, although followed by possession of the land. . . . By the assignment from Newton to Sharples it may be that as between them Sharples became impliedly bound to protect his assignor against the demands of the vendor on the contract; but that is no concern of the plaintiff; such an obligation (if it arose) did not spring from a contract expressly made for the vendor's benefit, and he cannot take advantage of it." The case, to our minds, is not governed by the provisions of section 1589 of the Civil Code, which are that "a voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." In *Canale* v. *Copello,* 137 Cal. 22, [69 Pac. 698], it is said that the provisions of that section apply only where the person ac-

cepting the benefit of the transaction is a party to it; citing *Stone* v. *Owens*, 105 Cal. 292, [38 Pac. 726]. Even assuming that the section might be made to apply to a case where an assignee of a contract to convey real estate was sought to be charged, it would seem that it could only then apply where the executory contract had been *fully performed* on the part of the vendor, and the assignee had accepted the benefits thereof. Such appears to be the holding in *Anderson* v. *De Urioste*, 96 Cal. 404, [31 Pac. 266], and *Robinson* v. *Rispin*, 33 Cal. App. 536, [165 Pac. 979]. These latter cases, for that reason, do not disturb the rule announced in *Lisenby* v. *Newton*, 120 Cal. 571, [65 Am. St. Rep. 203, 52 Pac. 813]. In the case of *Jones et al.* v. *Albert et al.*, 161 Cal. 234, [118 Pac. 794], the assignee was held bound because it was the real party in interest; it was a corporation which had been organized expressly for the purpose of taking over the particular land described in the contract.

In the endeavor to show liability of appellant to the vendor on the contract, one of the vendees was allowed, over the objection of appellant, to testify as to what was discussed and understood at the time the assignment was made. In this connection respondent O. H. Embree testified as follows: "When Wilson and I closed up our deal at the time of the assignment of the contract to him, he paid me what I had already paid Mr. Beazley on account of the contract and I got back from Wilson whatever I had paid to Beazley. That was the payment to me of my equity. I had nothing to sell but my equity. I was selling the contract. At the time of the assignment I got from Mr. Wilson a little less than fifteen hundred dollars in money. When the assignment was indorsed on the contract my wife and I signed it and Mr. Wilson signed it right there with us at that time, right there in the house. . . . The discussion was that he was to take the contract the same as I had,—the thousand dollars a year, interest and taxes." Conceding that this oral testimony was competent to enlarge the terms expressed in the written assignment, we do not think, under the decisions cited, particularly under the language used in the concluding portion of the opinion in *Lisenby* v. *Newton, supra,* that any agreement was shown which would operate further than to create a liability against appellant in favor of his assignors. The case of *Lisenby* v. *Newton* was cited with approval in *Southern Pacific Co.* v. *Butterfield,* 39 Nev.

177, [154 Pac. 932]. In the latter decision other cases are referred to holding to the same effect. Among these, and as very much in point on the general subject, is *Bimrose* v. *Matthews et al.,* 78 Wash. 32, [138 Pac. 319]. See, also, 2 Ruling Case Law, p. 625.

[3] We do not agree with appellant in the further point he makes, to wit, that the written instrument sued upon was a mere option; it contained terms which were appropriate to create reciprocal obligations. [4] Neither do we agree with the contention that there could be in the case no judgment against either defendant because plaintiff had, ·prior to the making of the contract, created an encumbrance against the property which was not thereafter removed. In our opinion the evidence, which consisted only of the showing of the transfer of a right of way to the Standard Oil Company, was insufficient to warrant a conclusion that the plaintiff, upon proper tender · and demand, would not be able to deliver such a title as he contracted to furnish. (*Brimmer* v. *Salisbury et al.,* 167 Cal. 522, [140 Pac. 30].)

That judgment of reversal should be entered on this appeal is evident from the conclusions which we have expressed. Plaintiff here was not without a remedy against this appellant, but that the remedy was to foreclose the interest of appellant upon default being made in the installment payment. However, he preferred to sue directly for money payments under the contract. Appellant had made no contract obligating himself to pay the plaintiff—no privity existed, hence no right to recover.

The order denying defendant's application for change of place of trial is affirmed.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.