[Civ. No. 3693. Second Appellate District, Division One.—March 30, 1922.]

## FRANK H. BRYANT, Appellant, v. HERBERT L. SMITH et al., Respondents.

[1] CONTRACT—ASSIGNMENT—COVENANTS OF ASSIGNOR — LIABILITY OF ASSIGNEES — ABSENCE OF PRIVITY. — Assignees of interests in a contract granting the right to the use of letters patent in certain territory are not liable to the grantor for the payment of the monthly installments called for by such contract, where the assignments contained no assumption of any of the obligations imposed, notwithstanding the assignees took their interests subject to all of the conditions of the contract and could not enforce any right thereunder against the grantor without showing performance of the obligations which it imposed upon their assignors.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Westall & Wallace and Joseph F. Westall for Appellant.

F. A. Jeffers and Sheran & Alvord for Respondents.

SHAW, J.—Plaintiff appeals from a judgment of nonsuit in favor of the defendants other than Josiah A. Briggs and Herbert L. Smith.

The appeal was submitted at the January term upon a typewritten record, no part of which was printed in appellant's brief as required by section 953c of the Code of Civil Procedure. While in a supplement appellant has, pursuant to an order of court, printed certain documentary evidence from the record, to which no reference is made in his brief, it is wholly insufficient in illustrating the errors complained of. Nevertheless, in the absence of aid from appellant's counsel, we have examined the typewritten record in an effort to ascertain and determine the question presented to the trial court. Briefly stated, it appears therefrom that on June 28, 1918, plaintiff entered into a contract with Josiah A. Briggs and Herbert L. Smith whereby he, as the owner of letters patent No. 1,258,530, covering machinery, devices, and a process for the manufacture of food products, granted to them, subject to revocation for breach of covenants, the right during the life of the patent to use the same in certain designated states, together with the right to manufacture, use, and sell throughout the territory mentioned such machines, implements, and devices invented by plaintiff for the manufacture of such food products, for which Briggs and Smith were to pay a royalty of two dollars per ton on all finished products manufactured under the provisions of said letters patent until such royalty amounted to $250,300. The contract further provided that its terms and conditions should apply, bind, and inure to personal representatives of the respective parties thereto, and for breach of the covenants made by Briggs and Smith, Bryant might at his option revoke the grant and terminate the contract. In consideration of the making of the agreement, Briggs and Smith promised to pay in monthly installments on the seventh day of each month certain sums, which in the aggregate amounted to $250.02, and which installments the complaint alleges were paid to March 7, 1920, but that the installments due on the seventh days of April, May, June,

and July, 1920, amounting for each month to $250.02, have not been paid, and for the recovery of which this action was instituted.

After the execution of the agreement, Briggs and Smith assigned to Owen A. Williams a one-third interest in said agreement, subject, however, to a one and one-half per cent interest therein to W. H. Hodson and an eight per cent interest therein to Margaret A. Brown, after which, to wit, on June 5, 1919, Williams assigned to defendant Mansfield a ten per cent interest in said patent and stock and funds derived from the same, and on July 26, 1919, assigned to defendant Peck a two and one-half per cent interest in said patent and stock, and later, on September 30, 1919, assigned to defendant Chandler all his remaining interest in said patent and stock and an interest in 5,500 shares of the capital stock of the Cactus Food Products Company. The assignments from Williams to Chandler, Peck, Mansfield, and Hodson were mere naked assignments and contained in terms no assumption on their part of any of the obligations imposed by the contract. We are directed to neither allegation nor evidence showing that any of such assignees ever utilized the subject of the patent in the manufacture of food products, or manufactured or sold any of the devices or machinery therefor. [1] Nevertheless, and in the absence of any privity of contract between Bryant and the assignees of Williams, and notwithstanding the terms of the contract under which the monthly installments accrued were executory, appellant contends that, by virtue of the naked assignment of interest so transferred, the assignees and each of them became obligated to pay to plaintiff the monthly installments which Briggs and Smith agreed to pay for the right to use the patented process. In support of his contention appellant cites the cases of *Robinson* v. *Rispin,* 33 Cal. App. 536 [165 Pac. 979], and *Cutting Packing Co.* v. *Packers' Exchange,* 86 Cal. 574 [21 Am. St. Rep. 63, 10 L. R. A. 369, 25 Pac. 52]. Neither of these cases applies to the facts disclosed by the evidence herein. In the Rispin case the contract was executory and contemplated the boring of certain wells by Robinson for which Rispin agreed to pay him a stipulated price for each vertical foot drilled, after which Rispin transferred his interest in the lands upon which the wells were to be bored, together with the contract, to a

corporation for which he, in acquiring the same, acted as agent, and the corporation accepted the assignment with full knowledge of the facts relating to the contract and Robinson, at its request, fulfilled his part of the contract by drilling the wells. Upon these facts the assignee was held liable under the terms of the contract, for the reason that the contract was fully performed and the benefit inured solely to the assignee, which recognized the original contract as binding upon it and held itself out as personally liable thereon. In the case of *Cutting Packing Co.* v. *Packers' Exchange* the action was brought by the assignor against the assignee, and it not only appears from the decision that the assignee assumed the obligation of its assignor, but an inspection of the record shows that the corporation defendant, by action of its board of directors, formally assumed the obligation of its assignor. Hence neither of these cases is applicable to the facts in the instant case. There was no privity of contract between plaintiff and the assignees of Williams, without which section 1589 of the Civil Code, cited by appellant, has no application. (*Chung Kee et al.* v. *Davidson,* 73 Cal. 522 [15 Pac. 100].) In *Lisenby* v. *Newton,* 120 Cal. 571 [65 Am. St. Rep. 203, 52 Pac. 813], in discussing a similar question, it is said that if, upon the facts here involved, an assignee is liable for the covenants of his assignor, "it must be in consequence of the clause of the contract which in terms extends the obligations of the instrument to the assigns of the parties; but since the promise to pay was only the personal covenant of the promisor, the attempt to include in its force the assigns of the vendee is inoperative; it was not competent for the parties in this manner to create a contract for such assigns." See, also, *California Packing Corp.* v. *Emirzian,* 45 Cal. App. 236 [187 Pac. 77], and *Beazley* v. *Embree,* 41 Cal. App. 706 [183 Pac. 298]. While defendants as assignees took the interest in the contract subject to all the conditions thereof, and hence could not enforce any right thereunder against plaintiff without showing performance of the obligations which it imposed upon Briggs and Smith, nevertheless, by the assignment no new contract was created as between plaintiff and such assignees, as to whom no personal liability was imposed in the performance of the covenant to pay the monthly installments, for the reason

that there was no meeting of minds essential to the formation of a contract between them.

We are directed to no evidence sufficient to show the existence of a copartnership between the parties, and even conceding such to have been the case, there is no merit in appellant's contention that the respondents in favor of whom the judgment of nonsuit was granted became personally liable upon the obligation assumed by Briggs and Smith.

The judgment is affirmed. ·

Conrey, P. J., and James, J., concurred.