[Civ. No. 15284. First Dist., Div. Two. Jan. 29, 1953.]

FRUITVALE CANNING COMPANY, Appellant, v. CHARLES E. COTTON, Defendant; R. L. COTTON et al., Respondents.

Hadsell, Murman & Bishop for Appellant.

Clewe, Martin & Blade for Respondents.

PATTERSON, J. pro tem.—Plaintiff appeals from a judgment in favor of defendants R. L. Cotton and Mamie M. Cotton, his wife, in an action to recover for money loaned to Charles E. Cotton.

Charles E. Cotton owned a box factory, and the Fruitvale Canning Company, the plaintiff, was one of his customers. He desired in connection with his box factory operations to acquire a timber supply and to construct a sawmill. To finance it he entered into an agreement with the Fruitvale Canning Company, the plaintiff, dated March 4, 1946, by which the company agreed to advance the sum of $25,000 to him. In return for this Cotton agreed to furnish for a period of five years such shook as the company needed in its cannery operations "when and as the plaintiff should order the same." Cotton agreed to repay the sum advanced at the rate of $5,000 annually. Five thousand dollars was to be credited each year against purchases, and in the event the purchases were less than $5,000 he was to pay the difference in cash. He furnished shook in accordance with the agreement to December, 1948. Charles E. Cotton became badly involved financially and by deed dated December 23, 1948, conveyed the box factory

to his brother, R. L. Cotton, and his wife, Mamie M. Cotton. By agreement dated the same date, although the court found it was not actually executed until February, 1949, R. L. Cotton and his wife purchased the box factory from Charles Cotton. There was adequate consideration and no claim of bad faith is made. Richard L. Cotton furnished shook under this agreement until 1950 when the box factory burned. At that time there was a balance due on the payments from Charles in the sum of $21,000. No further payments were made and plaintiff brought this action against Charles Cotton, Richard L. Cotton and Mamie M. Cotton, his wife. The court gave judgment in the sum of $21,000 with interest against Charles E. Cotton and in favor of the other defendants. Defendant Charles E. Cotton did not appeal, and plaintiff takes this appeal from the judgment in favor of the other defendants. For convenience we shall refer to Charles E. Cotton as Cotton and R. L. Cotton and Mamie M. Cotton, his wife, as the defendants.

The plaintiff contends that it is entitled to recover first on the grounds that under the contract by which Cotton sold the box factory to defendants the latter assumed and agreed to pay the indebtedness of the former to the Fruitvale Canning Company. It is argued that the contract therefore falls within the provisions of section 1559 of the Civil Code as a contract made expressly for the benefit of the Fruitvale Canning Company and may be enforced by it. The pertinent language in the agreement is as follows: "Buyers hereby agree to assume that certain contract dated March 4, 1946, and executed by the sellers, Charles E. Cotton, and the Fruitvale Canning Company. It is understood, however, that the sellers will pay and discharge the indebtedness owing to the said Fruitvale Canning Company under and by virtue of the terms of said contract, whether the said indebtedness is now due and payable or not; provided, however, and in the event that the buyers are required to pay any of said indebtedness, that the amount so paid shall be charged against the sellers, and be deducted from the amounts here in this contract agreed to be paid by the buyers to the sellers, under the terms of this contract or any modification thereof." The argument is advanced that the defendants assumed all of Cotton's obligations to Fruitvale Canning Company, including the repayment of the indebtedness of $25,000. Although the agreement provides that the seller, Cotton, is to pay the indebtedness, it is claimed this was merely an arrangement between themselves,

and so far as the plaintiff was concerned the defendants herein became the principal obligors. We are unable to agree with the plaintiff's interpretation of this provision. Defendants by their agreement assumed and agreed to perform all the other burdens of the contract but it was expressly provided that the seller, Cotton, was to discharge the indebtedness to plaintiff. ■ Before a third party who may derive a benefit of a promise is entitled to bring an action thereon there must be an intent clearly manifested by the promisor to secure the benefit claimed to the third person. (*Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496, 502 [271 P. 898]; *Kolberg* v. *Sherwin-Williams Co.*, 93 Cal.App. 609, 613 [269 P. 975]). The agreement and testimony of the parties showed as between Cotton and the defendants that it was intended that Cotton should discharge this indebtedness.

■ A third party beneficiary cannot gain any greater rights than those of the promisee. "The foundation of any right the third person may have, whether he is a donee beneficiary or a creditor of the promisee, is the promisor's contract. . . . Moreover, the rights of the third person, like the rights of the promisee, must be limited by the terms of the promise." (Williston on Contracts, rev. ed., § 364-A; *Slayden* v. *O'Dea*, 182 Cal. 500, 510 [189 P. 1066].)

■ The plaintiff regards as particularly significant the provision in the contract between Cotton and the defendants which provides that in the event that defendants should be required to pay any of Cotton's indebtedness to plaintiff the amount should be charged to Cotton and deducted from any amount due him by defendants. Plaintiff under its agreement with Cotton was entitled to be credited each year with $5,000 upon the purchase of shook. Obviously this provision was intended to protect defendants in the event this right was exercised. It did not indicate any intention to assume the indebtedness.

Oral evidence was admitted regarding the circumstances under which the agreement was executed and the acts and declarations of the parties for the purpose of establishing their intention. The record discloses that defendants before entering into the contract for the purchase of the box factory informed the plaintiff that they would not assume this obligation. They also repeatedly informed Cotton they would not do so. The agreement itself was before the court. The evidence was sufficient to support the finding that the defendants had not assumed the indebtedness. The contract was not

made for the plaintiff's benefit. Any benefit received by it was purely incidental.

■ Plaintiff's next contention is that the defendants having voluntarily accepted the benefits of the contract between Cotton and Fruitvale Canning Company must likewise assume the burdens in accordance with the provisions of Civil Code, section 1589. This section, however, has generally been held to apply only where the person accepting the benefit was a party to the original transaction. (*Canale* v. *Copello,* 137 Cal. 22, 25 [69 P. 698] ; *Stone* v. *Owens,* 105 Cal. 292, 296 [38 P. 726] ; *Tarpey* v. *Curran,* 67 Cal.App. 575, 587 [228 P. 62] ; *Beazley* v. *Embree,* 41 Cal.App. 706 [183 P. 298].) Defendants were not parties to that agreement.

Plaintiff relies upon *McCormick Saeltzer Co.* v. *Grizzly Etc. Co.,* 74 Cal.App. 278 [240 P. 32] ; *Robinson* v. *Rispin,* 33 Cal. App. 536 [165 P. 979], and *Bergin* v. *van der Steen,* 107 Cal. App.2d 8 [236 P.2d 613]. In *McCormick Saeltzer Co.* v. *Grizzly Etc Co., supra,* there was an express assumption of the debt which is not true in the present case. As was pointed out in *Tarpey* v. *Curran, supra,* the case of *Robinson* v. *Rispin, supra,* represents an exception to the rule. This exception requires the assignee of an executory contract to accept the burdens when all the benefits of a full performance have inured to him. The exception to the rule is stated in *Robinson* v. *Rispin, supra,* as follows: ''But where, after the assignment is made, the executory provisions of the contract are fully performed, *the benefit inuring solely to the assignee,* and where by his actions he holds himself out as personally liable and recognizes the original contract as binding upon him, he is liable to the other party equally with the assignor.'' (Emphasis added.) The general rule and the exception were also stated in *Wilson* v. *Beazley,* 186 Cal. 437, 444 [199 P. 772]. *Bergin* v. *van der Steen, supra,* is one in which the full benefit inured to the assignee and falls under the exception. In the present case the principal benefit to be derived by Cotton under his agreement with plaintiff was an advance of $25,000. This was retained by him and did not inure to the benefit of the defendants. This case therefore does not fall within the exception and defendants not being parties to the contract, Civil Code, section 1589 has no application.

■ There is no merit to plaintiff's claim that it is entitled to recover under the provisions of section 2854 of the Civil Code which reads: ''A creditor is entitled to the benefit of everything which a surety has received from the debtor by

way of security for the performance of the obligation, and may, upon the maturity of the obligation, compel the application of such security to its satisfaction.'' Plaintiff urges that defendants had agreed with Cotton to discharge his debt to plaintiff and that this was an obligation in Cotton's hands to which the plaintiff as a creditor could resort. Even assuming that this section might be made to apply to this situation the contention is based upon the premise that the defendants assumed the obligation. The premise being false, the conclusion falls.

Another ground for recovery claimed is that defendants failed, as required by a provision in the agreement between Cotton and the plaintiff, to furnish and endorse over to plaintiff insurance policies covering the property which would protect this indebtedness. The complaint states a cause of action to recover a debt. No mention is made of any breach of obligation with reference to insurance. During the course of the trial, in answer to a suggestion by the court that the gist of the plaintiff's action was a debt and not damage for breach of contract, plaintiff's counsel said, ''We are not claiming the contracts were breached. We are claiming the contracts were performed in that the security problem was provided for by purchase of insurance. We want to show Mr. R. L. Cotton performed that agreement of March 4, 1946, in that he did have the insurance which was payable on the loss. . . . We are not claiming a breach of contract. We are claiming a performance of contract.'' Neither were the pleadings framed, nor was the case tried upon the theory of breach of contract to furnish insurance and plaintiff should not be permitted to raise it for the first time on appeal. (*Gibson Properties Co.* v. *City of Oakland,* 12 Cal.2d 291 [83 P.2d 942].)

In view of our conclusion it is unnecessary to discuss the other points raised.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 28, 1953, and appellant's petition for a hearing by the Supreme Court was denied March 26, 1953.