133 Cal.App.2d Supp. 806 (1955)
JAMES E. KING, Appellant,
v.
WILLIAM C. CURTIS, JR., et al., Respondents.
California Court of Appeals. 
June 8, 1955.
 John Joseph Hall for Appellant.
 Cannon & Callister for Respondents.
 BISHOP, Acting P. J.
 [1] A judgment of nonsuit will be upheld on appeal only if a ground specified in support of the motion is a good ground, or some ground exists that could not have been cured had it been specified. (Lawless v. Calaway (1944), 24 Cal.2d 81, 94 [147 P.2d 604, 610].) It was error to grant the motion in this case, for a noncurable ground does not exist, and no ground appears to have been specified.
 [2a] Of greater moment, the evidence warranted a judgment in plaintiff's favor on his third cause of action. These allegations of the third cause of action were not denied: that plaintiff and defendant Trader Bill entered into a written conditional sales contract on December 18, 1952, covering the sale to plaintiff of a Pontiac car; that included in the sums agreed to be paid were two sums, totaling $102, for insurance on the car; that within one or two weeks after December 18, defendant Trader Bill assigned the conditional sales contract to defendant Morris Plan Company; that "Defendant Morris Plan accepted said assignment and all benefits and burdens accruing thereunder." [3] Allegations, to the effect that near the end of February, 1953, plaintiff's Pontiac suffered over $500 damages in collision, and that due to the negligence of the defendants in not issuing or obtaining insurance plaintiff suffered damages, in the sum stated, were denied as [133 Cal.App.2d Supp. 808] follows: "Denies that it has sufficient or any information to enable it to answer the allegations contained in paragraphs II and III, and basing its denial on that ground denies ..." This was no denial, but an admission of the facts alleged. (Aronson & Co. v. Pearson (1926), 199 Cal. 295, 298 [249 P. 191]; May v. Board of Directors (1949), 34 Cal.2d 125, 127 [208 P.2d 661, 662].) Moreover, it was established beyond question that an accident occurred and no insurance had been taken out by anybody before the accident.
 The conditional sales contract was introduced into evidence. By apt words, the terms and conditions on the reverse side of the contract were made a part of it. There we note that "6. Purchaser understands that this contract is to be assigned to The Morris Plan Company of California ..." and "7. The Morris Plan Company of California is hereby authorized to do all things necessary or required covering any insurance policies now or hereafter issued in connection herewith ..." The provisions of the contract respecting the thirty monthly payments to be made contain this sentence: "All such payments with interest shall be payable at the office of The Morris Plan Company of California."
 In a further provision the contract provides that "Purchaser agrees to keep said property insured against loss by fire, theft, transportation, collision and ______ at his own expense for an amount not less than the deferred balance so long as any thereof remains unpaid; such insurance to be placed through agencies or brokers and in insurance companies approved by the seller; loss thereon shall be payable to seller and purchaser as their interests may appear. The purchaser hereby authorizes the seller to pay the premiums for such insurance, adding the same to the deferred principal balance then due hereunder, and the policies therefor shall be held by the seller until this contract is fully performed. Seller and/or his assigns is hereby given power of attorney by the purchaser to adjust and settle all claims on said insurance without the consent or acquiescence of purchaser."
 [2b] Implicit in the allegations of the contract is the duty imposed by subdivision (b) of section 2982, Civil Code: "If any charge for insurance is included in the amount paid or to be paid by the buyer under any conditional sale contract for the sale of a motor vehicle, with or without accessories, an insurance policy or policies or a certificate of insurance under a master policy shall be issued and the seller shall within [133 Cal.App.2d Supp. 809] 30 days after the execution of the conditional sale contract send or cause to be sent to the buyer the original or an exact copy of such policy or policies or certificate."
 It further appears, from the evidence, that the defendant Trader Bill had no license to sell insurance, but that the defendant Morris Plan did. In December of 1952, The Morris Plan Company was discounting Trader Bill's contracts. The assignment, in this case, covered not only all rights under the contract, but the car as well, and The Morris Plan Company received from its codefendant the certificate of ownership of the Pontiac. The Morris Plan Company has a customary practice of checking to see whether insurance has been taken out, a procedure that usually takes about a month to complete.
 Plaintiff relies upon section 1589, Civil Code, providing that "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." Of this section, the court, in Fruitvale Canning Co. v. Cotton (1953), 115 Cal.App.2d 622, 626 [252 P.2d 953, 955], makes this observation: "This section, however, has generally been held to apply where the person accepting the benefit was a party to the original transaction." Our problem is thus made precise; was the defendant Morris Plan Company "a party to the original transaction" within the meaning of the cases?
 [4] On the motion for a nonsuit the evidence must be interpreted as strongly in plaintiff's favor as reason permits. So interpreting it in this case, we conclude that from the very beginning it was the understanding of the parties, as evidenced by the terms on the printed blank, that the conditional sales contract was to be assigned to The Morris Plan Company, and that it was to become and be a real party to the transaction. A very similar situation was before the court in Jones v. Allert (1911), 161 Cal. 234, 238 [118 P. 794, 795], and it was there determined that the assignee was, actually, the real party in interest and so under the obligations of the assigned contract.
 [2c] It is true that the evidence does not show that the defendant The Morris Plan Company knew that no insurance policy had been taken out. The trial court would have been concluding within the bounds of reason had it held that the fact was one that "ought to have been known" to it. Subdivision (b) of section 2982, Civil Code, as we have noted, made it the duty of defendant's assignor to procure a policy within thirty days of the execution of the contract. The assignment [133 Cal.App.2d Supp. 810] was made two to three weeks before this 30-day period had expired. A purchaser of such a contract should not be heard to say that it did not know whether insurance had been procured. It had ready means of ascertaining, as a part of discounting the paper it bought, whether a policy had been issued. It should not be permitted to take advantage of its willful ignorance.
 The judgment of nonsuit in favor of the defendant Morris Plan Company of California is reversed.
 Patrosso, J., concurred.
 SWAIN, J.
 I concur on the ground that the allegation "Defendant Morris Plan accepted said assignment and all benefits and burdens accruing thereunder" is admitted by Morris Plan by reason of the fact that the allegation is not denied.