BURCH, J.
 

 This appeal is by Juanita Bland, cross-defendant, on the judgment against her in favor of the cross-complainants Archie McLaughlin and Lola McLaughlin. The action below was instituted by the Bank of America National Trust and Savings Association against the McLaughlins on a promissory note which had come into the bank’s hands by negotiation and which was dated November 30, 1951, and executed by the McLaughlins in favor of the Enterprise Construction Company of Los Angeles, California. Judgment was entered in favor of the plaintiff thereon against the Mc-Laughlins. That judgment has become final and does not concern us here.
 

 The cross-complaint against Juanita Bland was filed on April 25, 1956. It is the judgment on the cross-complaint which is before us now. The cross-complaint was founded on an instrument called an assignment, which we set out in full:
 

 “Now come Archie B. McLaughlin and Lola M. McLaughlin, and do hereby transfer, assign and set over to Nancy White and Juanita Bland all their right, title and interest in and to that certain contract of purchase dated October 6, 1950, for the property described in said contract hereto attached for a consideration of the payment of One
 
 *913
 
 Thousand ($1,000.00) Dollars upon the execution of this Agreement, and the balance of Seven Hundred ($700.00) Dollars to be paid on or before December 15, 1951; the assignees of said contract to assume and pay an obligation owing to Enterprise Construction Company of Los Angeles, California, in the amount of $1175.00, $118.00 payable upon the execution of this contract, and the balance at $33.76 per month, including interest at 6% per annum.
 

 “The Assignors do hereby represent that the balance due and owing on said contract of sale is the sum of $5200.17.
 

 “Dated-. November 8th, 1951.
 

 Archie B. McLaughlin
 

 Lola M. McLaughlin”
 

 While Juanita Bland is not signatory to this assignment, the cross-complaint alleges that she “entered into a written agreement with the cross-defendants” to make the payments therein indicated, and, further, “that the cross-defendant, Juanita Bland, has defaulted in said payments.”
 

 The court’s findings were that these allegations quoted above were true and that the allegations of Juanita Bland’s answer, in which she set up the statutes of limitation, and particularly [Code of Civil Procedure] sections 337, subdivision 1, and 339, subdivision 1, were not true. Accordingly the court entered its judgment for the amount of $1,175.
 

 Turning to the assignment, it appears that the obligation of the assignors to the Enterprise Construction Company is in fact in the total amount of $1,175, “$118.00 payable upon the execution of this contract, and the balance at $33.76 per month, including interest at 6% per annum.” It also appears that the consideration for the transfer of the right in this conditional or unmatured contract is stated to be $1,000 upon execution of the agreement, and the balance of $700 to be paid on or before December 15,1951. Wliether or not this consideration was paid is not clear from the findings, or otherwise, except that no claim is made therefor. Neither does the record disclose the terms of the contract right which was assigned, and its only identification in the record is its date, and the balance owing thereon.
 

 We note, further, that there is no written promise on the part of the assignee to meet the obligation of the McLaughlins to the Enterprise Construction Company upon the antecedent contract or even that the obligation arose on the antecedent contract. The question of whether the assignee has assumed
 
 *914
 
 the obligation appears to be a matter of interpretation of the instrument of assignment. Thus, in section 418A of Williston on Contracts, Revised Edition, under the title of “Implied Assumption of Duties,” reference is made to section 1589 of the California Civil Code, which provides: “A voluntary-acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting.” The author states in that section, “If an assignee of rights under a bilateral contract does not expressly assume the obligations of the assignor it becomes a question of interpretation whether he impliedly promises to perform the duties thereunder. It is doubtless possible for a party to a bilateral contract to assign only the rights that will accrue to him under the contract without delegating performance of the duties. If he clearly delegates the duties as well as makes an absolute and complete assignment of the rights, it seems a reasonable interpretation of the bargain that in the absence of circumstances showing a contrary intention the assignee impliedly undertakes the performance of the duties. This is stated as the rule in the Restatement of Contracts (§ 164(2)), and is supported by several decisions.” (See
 
 Cutting Fruit Packing Co.
 
 v.
 
 Packers’ Exchange,
 
 86 Cal. 574 [25 P. 52, 21 Am.St.Rep. 63, 10 L.R.A. 369];
 
 Drips
 
 v.
 
 Moore,
 
 179 Cal. 249 [176 P. 159];
 
 Ehlers
 
 v.
 
 Bihn,
 
 71 Cal.App. 479 [235 P. 673]. Compare
 
 Bryant
 
 v.
 
 Smith,
 
 57 Cal.App. 214 [206 P. 1025].) “Other courts, however, have held that unless the assignee expressly assumes the duties, he is not bound to perform them.” (See
 
 Lisenby
 
 v.
 
 Newton,
 
 120 Cal. 571 [52 P. 813, 65 Am.St.Rep. 203];
 
 Wilson
 
 v.
 
 Beazley,
 
 186 Cal. 437 [199 P. 772]; and
 
 Bruce
 
 v.
 
 Mieir,
 
 120 Cal.App. 287 [7 P.2d 1037].) In
 
 Bergin
 
 v.
 
 van der Steen,
 
 107 Cal.App.2d 8, 18 [236 P.2d 613], the court said: “The California rule appears somewhat narrower than the provision of the Restatement of Contracts, section 164(2). ... It is here held in conformance with section 1589,
 
 supra,
 
 [Civil Code] that acceptance of the benefits of a transaction is equivalent to a consent to all the obligations thereby imposed.” .(Citing cases.)
 

 So in the circumstances of this case we believe that the trial court reasonably interpreted the above instrument as an assumption by Juanita Bland of the obligations of the Mc-Laughlins on the antecedent contract to the Enterprise Construction Company. We, therefore, turn to the possible applicability of section 337, subdivision 1, of the Code of Civil
 
 *915
 
 Procedure, the four-year statute, where the contract is founded upon an instrument in writing; or section 339, subdivision 1, of that code, where the liability is not founded upon an instrument in writing. An obligation evidenced by a writing signed by the assignor alone is deemed to be one not founded on a written instrument. (31 Cal.Jur.2d, p. 509, § 76, Limitation of Actions;
 
 Pena
 
 v.
 
 Vance, 21
 
 Cal. 142.) Section 360, Code of Civil Procedure, expressly provides: “No . . . promise is sufficient evidence of a new . . . contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby.” (See
 
 Clunin
 
 v.
 
 First Federal Trust Co.,
 
 189 Cal. 248 [207 P. 1009].) We conclude that the two-year statute, under section 339, subdivision 1, of the Code of Civil Procedure, is the applicable statute of limitations.
 

 The question remains as to whether the statute began to run on the entire obligation on the date of November 8, 1951, when apparently the $118 payment defaulted, or whether the statute permits the recovery of only so much of the installment payments as accrued and were due within two years of April 25, 1956. (Code Civ. Proc., § 350.) The statute of limitations does not begin to run until the cause of action accrues, and it generally accrues when there is a remedy available.
 
 (Irvine
 
 v.
 
 Bossen,
 
 25 Cal.2d 652 [155 P.2d 9].) This action accrued on November 8, 1951, as to the $118 payment. Obviously the statute of limitations is a good defense, as more than the statutory period had elapsed. However, when a contract fixes a time for performance, the statute of limitations does not begin to run until the expiration of that time.
 
 (Richter
 
 v.
 
 Union Land & Stock Co.,
 
 129 Cal. 367 [62 P. 39].) Where money is payable in installments, the statute of limitations begins to run against the cause of action for the recovery of an unpaid installment at the time it is payable.
 
 (Lee
 
 v.
 
 DeForest,
 
 22 Cal.App.2d 351 [71 P.2d 285].) Applying this rule to the circumstances of the particular case, the two-year statute of limitations is no defense as to those payments which became due on or after April 25, 1954; but it is a defense as to all installments which accrued for payment before that date. Since the payment of April 1954 was not in default until the end of the month, we have concluded that the statute is no defense for the payment due in April 1954, nor the subsequent payments for May, June, July, August and September of 1954, at which time, according to the contract as interpreted, the
 
 *916
 
 obligation assumed would have been paid out in full. We conclude, therefore, that cross-complainants are entitled to judgment modified to $195.05, which amount is made up of the following sums: $33.76, together with interest at the rate of 6 per cent per annum from April 30, 1954, to the entry of judgment, or $39.35; $33.76, together with interest at the rate of 6 per cent per annum from May 31, 1954, to the entry of judgment, or $39.18; $33.76, together with interest at the rate of 6 per cent per annum from June 30, 1954, to the entry of judgment, or $39.01; $33.76, together with interest at the rate of 6 per cent per annum from July 31, 1954, to the entry of judgment or $38.84; and $33.76, together with interest at the rate of 6 per cent per annum from August 31, 1954, to the entry of judgment, or $38.67.
 

 Judgment affirmed as modified.
 

 Turrentine, P. J., and Glen, J., concurred.