LUCERNE MOTOR HOTEL CORPORATION, A BODY CORPORATE, APPELLANT, *v.* AIRWAYS INTERNATIONAL RESERVATIONS CORPORATION, A BODY CORPORATE, RESPONDENT.

No. 4914

January 13, 1966                      409 P.2d 622

*Samuel S. Lionel* and *Jerome F. Snyder,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

Airways International Reservations Corp. (hereinafter called Reservations) filed a complaint against the Americana Motor Hotel Corp. (Americana) and Lucerne Motor Hotel Corp. (Lucerne) as joint defendants. The complaint alleged (1) that Americana had contracted with Reservations for space on a direct wire reservations board in the Las Vegas air terminal; (2) that subsequently Americana sold the motor hotel to Lucerne under an agreement whereby Lucerne agreed to assume the obligation for the rental; (3) that the defendants were jointly liable for these rents.

The defendants answered with a general denial.

The trial was before the court without a jury. Since no stenographic report of the evidence or proceedings at the trial was made, the parties proceeded under the provisions of NRCP 75(n) and the court settled and approved a statement of the evidence and proceedings. Such statement shows (1) that a photograph of the reservations board was admitted into evidence for the information of the judge to show the location of the sign and phone in question; (2) that a letter on the stationery of the Americana Motor Hotel stating "We will pay 75.00 per month until we are current. /s/ The Americana" was admitted; (3) that a letter from the

auditing department of Americana requesting Reservations for a record of all transactions was admitted; (4) that the original agreement for the rental of the space on the reservations board between Americana and Reservations was admitted in evidence; (5) that the president of Reservations testified that the facilities contracted for were, in fact, installed; and (6) that the credit manager of the telephone company testified that "the telephone company had an account with Americana Motor Hotel Corp. and Lucerne Motor Hotel Corp. in regard to the telephone line and testified that both companies paid for said service for the telephone line." Just that, and nothing more.

Although the plaintiff Reservations Corporation alleged the sale of the hotel corporation by Americana to Lucerne and the assumption by Lucerne of Americana's obligation to pay for the rental of the "direct telephone line service between the airport and the said motel" and although this was denied by Lucerne, no evidence was offered or received either of such sale (or any alleged date thereof) or of such assumption agreement. It is apparent that the agreed statement of evidence contains nothing tending to prove the sale and assumption. For such failure of proof the judgment must be reversed.

It is evident that appellant's contention is based upon a third-party-beneficiary agreement. In Fruitvale Canning Co. v. Cotton, 115 Cal.App.2d 622, 252 P.2d 953, 955, the court said: "Before a third party who may derive a benefit of a promise is entitled to bring an action thereon there must be an intent clearly manifested by the promisor to secure the benefit claimed to the third person."

Judgment reversed and remanded with directions to enter judgment in favor of Lucerne Motor Hotel Corporation.

THOMPSON, J., and ZENOFF, D. J., concur.

McNAMEE, C. J., being incapacitated, the Governor assigned Honorable David Zenoff of the Eighth Judicial District Court to sit in his place.