[Civ. No. 8735.   Third Dist.   Jan. 31, 1956.]

C. R. FINE, Respondent, v. K. M. BRADSHAW et al.,
Defendants; BOYD HUFF, Appellant.

Bryce Swartfager for Appellant.

McKenzie, Arata & Murphy for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment quieting respondent's title to certain personal property. Respondent is the former owner and operator of a sawmill situated on property which he held under lease which contained a provision that upon its termination respondent could remove the machinery and equipment constituting the mill. The expiration date of the lease was November 30, 1952. On September 17, 1951, respondent made a written agreement to sell the mill to a Mrs. Eubanks for the sum of $8,683.54, payable semimonthly at the rate of $2.50 per thousand board feet of lumber sawed. The trial court found that the contract of sale was a conditional contract with title reserved to the seller until the purchase price had been paid. Eubanks failed to make the payments called for, but while in possession became indebted to appellant and a Mr. Koss for wages and money advanced. On December 11, 1951, Eubanks mortgaged the property to appellant and Koss. This mortgage the trial court held to be invalid and the propriety of this holding is here presented. It is unnecessary to determine the question. We will assume it to have been valid. In July of 1952 Eubanks left the mill, and though the record is not clear as to why and under what conditions he did so, appellant took over its operation and continued to hold possession. Between August 11, 1952, and October 15, 1952, appellant either paid to respondent or for his benefit to the federal government, which held tax claims against respondent, the sum of $2.50 per thousand of board feet of lumber sawed. Appellant contended and still contends that these payments were on the Eubanks contract. Respondent maintained at all times that such payments constituted rent only and respondent refused to recognize appellant as occupying the status of a purchaser under the Eubanks contract which respondent claimed to have terminated for default even prior to the execution of the chattel mortgage by Eubanks. Appellant and Koss foreclosed their chattel mortgage and on August 16, 1952, appellant alone bid in the property at a foreclosure sale. The notice of sale recited that the sale would be made subject to any sums owing to respondent under the Eubanks contract. On September 12, 1952, a writ of execution issued upon a third party's judgment against respondent and the sheriff made levy upon all money due respondent from appellant, and in particular upon all sums owed by appellant to respondent under the contract with Eubanks. On October 15th following a sale was held and appellant bid the property

in for $348.05. Thereafter he refused to make any further payments to respondent, whether for rent or for contract payments, claiming that by the foregoing happenings he had become the owner of the mill. Respondent thereafter brought this action.

As we have stated, the trial court found that the contract between respondent and Eubanks was one of conditional sale with title reserved; that it was not true, as appellant had alleged, that at the foreclosure sale he had agreed to pay the balance owing to respondent under the Eubanks contract; that it was not true, as he alleged, that under the last execution sale appellant became the purchaser of respondent's interest in the agreement with Eubanks.

Appellant's theory may be stated in this way: (a) The sales contract between respondent and Eubanks was not a conditional sale, therefore the title vested in Eubanks when the contract was signed, and passed to appellant when he purchased at the foreclosure sale. (b) That even if the sale was conditional so that title was reserved in respondent pending performance by the purchaser, nevertheless when he purchased at the foreclosure sale, appellant not only became the owner of Eubanks' still existing interest, but also became obligated to pay the balance of the purchase price to respondent, and that this debt, being property of respondent, had been sold by the execution sale, had been bought in by appellant, and that, therefore, he, as owner of Eubanks' rights and as owner of respondent's right to the purchase price, became by operation of law sole owner of the property.

Appellant challenges the sufficiency of the evidence to sustain the findings of the trial court adverse to him. The record fully supports those findings and the judgment must be affirmed.

We will treat first the contention of appellant that the sales contract was unconditional. Whether it was or not, that is to say, when title was to pass, was a matter of intention, to be determined as an issue of fact unless the inquiry be foreclosed by the specific terms of the instrument. ■ Here the contract did not expressly provide for either a passage or a reservation of title and we thus look to the surrounding circumstances to determine the intent. (*Katz* v. *Peoples Finance & Thrift Co.*, 101 Cal.App. 552, 556-558 [281 P. 1097].) ■ The record shows the following: 1. The agreement uses the terms ''agrees to sell'' and ''agrees to buy'' in lieu of ''sells'' or ''buys.'' 2. By the contract the seller

is hired as a watchman and maintenance man during the period that any balance is due under the agreement. 3. The seller retains the use of cabins during the period he has a balance due under the agreement. 4. The agreement is not assignable without the seller's consent. 5. The buyer agrees not to remove any of the personal property without first obtaining the written consent of the seller. 6. There is no down payment provided for on a purchase price of more than $8,000 and the payments are to be made through the use of the purchased mill. 7. The evidence as to the acts of the parties under the agreement show, among other things, that the purchaser abandoned the mill and never asserted claim of ownership; the seller made repeated attempts to retake physical possession thereafter and was balked by appellant and Koss (*Katz* v. *Peoples Finance & Thrift Co., supra,* at p. 560) ; when appellant presented to respondent a statement of lumber sawed and proffered payment at the contract rate he had labeled the payments as being payments for the mill; a conversation ensued and respondent insisted that appellant was not buying the mill; that the payments were rent, and under that insistence appellant changed the designation of the payments and labeled them payments on rent. The foregoing constituted ample support for the trial court's finding that the sale was conditional and hence appellant's first contention that the title had passed to Eubanks and then to him under his foreclosure sale cannot be sustained.

██ Treating the sale as conditional we will consider appellant's second theory as to acquisition of title by him. There is evidence that Eubanks abandoned the mill and that, although appellant and Koss maintained an adverse possession, yet respondent at once asserted ownership. In part this is evidenced by the transactions concerning payments tendered by appellant related above. There was also respondent's testimony that appellant and Koss were renters only, that is, that he was in possession after abandonment by Eubanks and that appellant and Koss were in possession under him as tenants. There is support in the record, therefore, for an implied finding by the trial court that by the abandonment of Eubanks and the resumption of possession by respondent the title of Eubanks had been extinguished prior to the foreclosure sale and that, therefore, appellant obtained no right or interest whatever at that sale. If we go farther, appellant is in no better case. Assuming that by the foreclosure sale

he obtained the rights of Eubanks to complete the contract and obtain title thereby, nevertheless he never did complete that contract. His claim that he did is based, as stated, upon a theory that by getting the rights of Eubanks through the foreclosure sale he thereby became obligated to pay the price to respondent, was therefore respondent's debtor and when the third party levied upon that debt and appellant purchased the debt at the sale he thereby completed title in himself. Assuming that at the foreclosure sale he obtained the rights of Eubanks that would not necessarily obligate him to perform Eubanks' obligations and especially to pay the purchase price. (*Lisenby* v. *Newton,* 120 Cal. 571 [52 P. 813, 65 Am.St.Rep. 203].) Respondent, merely because appellant had purchased at the foreclosure sale, could not compel appellant to pay the purchase price. (*Lisenby* v. *Newton, supra.*) There was nothing in the evidence to compel a finding that appellant was so bound. The trial court's implied finding that the obligation did not arise is supported. Consequently, when the third party purported to levy only upon the debt owed respondent by appellant the levy was wholly ineffectual for want of property to operate on and appellant got nothing by bidding at the purported sale.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.