313 P.2d 465

Asa M. RADLEY et al., Respondents,

v.

E. Penn SMITH and Beth A. Roberts,
Appellants.

Douglas K. SIMONS, Respondent,

v.

E. Penn SMITH and Beth A. Roberts,
Appellants.

No. 8555.

Supreme Court of Utah.

June 26, 1957.

Beth A. Roberts, Salt Lake City, for appellants.

Keith E. Sohm, Salt Lake City, for respondents.

CROCKETT, Justice.

This is an appeal by Beth A. Roberts from an adverse judgment ordering her to comply with the terms of certain real estate contracts by paying delinquent property taxes of $7,422.76 on the Avalon Apartments in Salt Lake City, and ordering her to pay costs and attorney's fees.

Plaintiffs are purchasers of individual Avalon apartment units. Between the years 1946 and 1949 they separately contracted with E. Penn Smith, the owner, to purchase in fee simple a specific apartment in the building together with a perpetual easement in the entrances and halls, which the seller agreed to keep clean and in good repair. The units sold for approximately $4,750 each. The contracts contained the usual terms for the sale of realty, requiring monthly payments ranging from $35 to $47.50, and further that each buyer pay to the seller an additional $15 per month for hot and cold water, heat, refrigeration, taxes, and fire insurance. There was a forfeiture clause which permitted the seller to re-enter and repossess for failure of the purchasers to make payments or to keep other covenants. The seller was also given

the right to set up a trust or organize a corporation to operate the property and the agreements provided for costs and reasonable attorney's fees.

The building contained twenty-four units which were all sold under such agreements. In 1950 the defendant Roberts purchased E. Penn Smith's interest in the apartment house and became his assignee of the contracts. Because of her failure to pay taxes, provide various services, and to keep the building in good repair, there was friction between the purchasers and sellers. As a result, approximately half of the buyers abandoned their apartments, thus forfeiting them to defendant. The plaintiffs, however, continued to hold their property and eventually commenced legal proceedings against both Smith and Roberts to compel them to comply with the agreements. The action against E. Penn Smith was later dismissed without prejudice and Beth A. Roberts remains the only defendant in this suit.

The trial court, in interpreting the agreements, found that they lacked mutuality as to the provisions relating to utilities and insurance. This finding was apparently based on the reasoning that although the contracts recited that the purchasers were to pay $15 per month for these items, they did not expressly provide that the sellers must furnish them. No issue is raised on appeal as to this somewhat dubious determination. As to taxes, however, the court found that seller was required to pay them in full from the $15 per month paid by plaintiffs and that was the basis of the only order against the defendant: that she pay the delinquent taxes due on the property.

The first of defendant's contentions is that the trial court erred in finding she had assumed any of the duties and obligations arising under the contracts between Smith and the plaintiffs. She maintains that in purchasing Smith's interest she was acquiring only the right to collect payments from the plaintiffs and that she had no intention of assuming the burdens of the contracts. While it is no doubt possible for a party to become the assignee of the rights under a contract without becoming responsible for the duties, the question whether a purported assignment of an entire contract includes such assumption depends upon its terms and the intent of the parties. Whenever uncertainty or ambiguity exists with respect thereto it is proper for the court to consider all of the facts and circumstances, including the words and actions of the parties forming the background of the transaction.[1]

It appears that the defendant had available Smith's contracts which set forth the corresponding rights and duties of the par-

1. Lumsden v. Roth, 138 Cal.App.2d 172, 291 P.2d 88.

ties, and expressly stated that the provisions would bind the "successors and assigns." She, therefore, knew of the services required of the seller and in fact initially accepted and performed those responsibilities, and further, accepted the $15 per month which the contract recited was to pay for them, and for the payment of taxes. Applicable to this situation is the rule of construction stated in § 164(1) of the Restatement of Contracts:

> "Where a party to a bilateral contract, which is at the time wholly or partially executory on both sides, purports to assign the whole contract, his action is interpreted, in the absence of circumstances showing a contrary intention, as an assignment of the assignor's rights under the contract and a delegation of the performance of assignor's duties."

There is nothing in this case to affirmatively indicate anything other than that defendant was to assume the responsibilities of the seller under the contracts and the trial court's finding with respect to that issue must therefore be affirmed.

The defendant next contends that the trial court surprised her by altering the nature of the action and awarding judgment on a theory of breach of contract. She claims the pleadings bottomed the ac-

tion on conversion of the monthly utility fee, a cause of action against which she was fully prepared to defend, but was caught off guard by the shift in theory. She avers that she would have had a number of valid defenses to the alleged breach of contract had she been given opportunity to meet such issue.

The record is replete with refutation of the above contention. Part of plaintiff's complaint reads as follows:

> "That on or about the 1st day of May, 1955 defendants breached said contractual agreements by causing refrigeration service to be discontinued; that defendants, in utter disregard of their contractual obligations with plaintiffs have failed and refused to pay taxes on said property * * *"

They further prayed that:

> "The defendants be required to perform their contractual obligations as set forth in said agreements * * * and to perform all of its terms and conditions including the supplying of hot water, cold water, heat, refrigeration service, janitorial services, payment of taxes and insurance and properly maintaining the building and grounds."

Furthermore, all the issues of law stated in the pre-trial order sounded in breach

of contract. Thus, even if the pleadings had not been sufficient to raise that issue, it was adequately covered by the pre-trial order to which defendant made no objection and upon which she willingly proceeded to trial. A party who is advised of the issues and given full and fair opportunity to meet them is in no position to claim surprise or error as to the issues litigated.[2]

Another of defendant's contentions is that the trial court erred in failing to award judgment against plaintiffs on her counterclaim which was founded in quasi-contract. Her position is that since the trial court determined that the contracts lacked mutuality with respect to furnishing utilities, the plaintiffs have been unjustly enriched to the extent she provided these services. As to this, the trial court found that although mutuality was lacking, by performance of the services and payment therefor the parties recognized an implied contract which was binding upon them; but that it could be terminated at will by either party refusing to perform. Whatever may be said with respect to this interpretation as to mutuality, and however plausible the conclusion may seem that the requirement of payment for the services

implies that such services were to be rendered, we are not here concerned: the plaintiffs raise no such contention. It is sufficient for our purpose to affirm the court's ruling because it is well established that the meeting of minds necessary for the formation of a contract can be found from conduct and circumstances as well as by verbal expression.[3] We see no error in the finding of the implied contract by the trial court; and since the defendant did nothing more than perform under it, the doctrine of unjust enrichment has no application here.

Defendant finally alleges that the contracts in question were illegal and contrary to public policy. She points out that at the time they were entered into, there was in existence war emergency legislation for the purpose of controlling inflation, among which were laws freezing rents.[4] She maintains that the purpose behind the sales of the Avalon apartment units was a scheme to evade the rent control laws by permitting the plaintiffs as purchasers of the apartments to evict tenants who were in possession under low fixed rents; that the purchasers were buying "black market apartments at black market prices" which

---

2. Taylor v. E. M. Royle Corp., 1 Utah 2d 175, 264 P.2d 279; Morris v. Russell, 120 Utah 545, 236 P.2d 451, 26 A.L.R. 2d 947.

3. Thornton v. Pasch, 104 Utah 313, 139 P. 2d 1002; Gleason v. Salt Lake City, 94 Utah 1, 74 P.2d 1225; DeBritz v. Sylvia, 21 Wash.2d 317, 150 P.2d 978; Restatement of Contracts, Secs. 3(b), 5, 20, 21; 17 C.J.S. Contracts § 4.

4. See 50 U.S.C.A.Appendix §§ 901 et seq., 1881.

violated both the letter and the spirit of the law, and so the plaintiffs should not be granted any relief under such illegal contracts.

The issue of illegality was raised for the first time on appeal. It was not tried nor was any evidence presented to establish that the purchase contracts were purposed to or did, in fact, violate the rent control law. While it may well be, as plaintiffs suggest, that a court can deny relief on its own motion if the evidence in a case reveals the illegality of a contract,[5] this would never be done unless such fact were clearly established. It is further to be observed that the plaintiff knew or should have known all of the facts with respect to the origin of the contracts she assumed and is in no position to take advantage of the claimed illegality she now asserts. If her contention as to illegality were to prevail, she, as assignee of such contracts, might find that she likewise has no interest in the Avalon Apartments.

Affirmed and remanded to fix reasonable attorney's fees for the appeal. Costs to respondents.

McDONOUGH, C. J., and WADE, WORTHEN, and HENRIOD, JJ., concur.

5. Sinnar v. LeRoy, 44 Wash.2d 728, 270 P.2d 800.