381 P.2d 84

**Caroline E. CHUMNEY, d/b/a Sun Realty Co., Plaintiff and Respondent,**

v.

**Cleon B. STOTT and Zina Stott, his wife, Defendants and Appellants,**

**Salt Lake Real Estate Board, Amicus Curiae.**

No. 9706.

Supreme Court of Utah.

May 7, 1963.

Bushnell & Beesley, Jack Fairclough, Salt Lake City, for appellants.

Jensen, Jensen & Bradford, Salt Lake City, amicus curiae.

Leon M. Frazier, J. Gordon Knudsen, Provo, for respondent.

McDONOUGH, Justice.

This is an action to recover a 6% sales commission arising out of the sale of property owned by the defendants which was listed through plaintiff, a real estate broker.

On or about June 8, 1960, defendants requested one of plaintiff's salesmen, Raymond Howes, to list for sale a piece of business property owned by defendants located on South State Street in Salt Lake County. A sales contract was entered into which provided in part the following:

"During the life of this contract, if you find a buyer, who is ready, able and willing to buy, lease or exchange said property * * * or if I agree to an exchange of said property, or any part thereof, or if said property or any part thereof is sold, leased or exchanged during said term by myself or any other person, firm, or corporation, I agree to pay you the commission recommended by the Salt Lake Real Estate Board for such sale, lease or exchange."

Several named parties were exempted from the agreement so that defendants, the sellers, could sell to them without paying any commission but it is conceded that the ultimate sale was not made to one of those so exempted.

The sales agreement was for the period from June 8, 1960, to December 8, 1960. On August 2, 1960, admittedly during the period covered by the agreement, the defendants sold the property concerned to Super Tire Mart. The buyer had in no way dealt with the plaintiff, rather the sale was consummated by the defendants without plaintiff's knowledge.

During the period covered by the agreement and before plaintiff discovered the sale of the property, plaintiff's salesman Howes had shown the property to several prospective buyers, had advertised the prop-

erty in the newspaper, had purchased and placed a for sale sign on the property, had listed the property through the Multiple Listing Board, and generally attempted in some degree to effect a sale.

Upon learning of the sale which had been made by defendants, plaintiff requested that a 6% commission on the sale be paid to them pursuant to that portion of the sales agreement quoted above. A commission of 6% is the amount recommended by the Salt Lake Real Estate Board. When defendants refused to pay the commission, this suit was commenced to recover it.

At the trial before the court, judgment was for plaintiff for 6% of the sale price plus interest and attorney's fees. Defendants appeal from that judgment.

As the first point on appeal defendants contend that the sales agreement is void because it contravenes Sections 50–1–6 and 50–1–1, U.C.A.1953, and Article XII, Section 20 of the Utah Constitution, which generally prohibit combinations which attempt to control prices, including the costs of professional services. This argument was not presented or discussed below, but is first urged on appeal. It is generally held, and this court has so held, that matters not raised in the trial court will not be considered on appeal.[1] There does not appear

1. Huber v. Deep Creek Irrigation Co., 6 Utah 2d 15, 305 P.2d 478 (1956); Radley v. Smith, 6 Utah 2d 314, 313 P.2d 465 (1957); 4 C.J.S. Appeal and Error § 233.

to be any reason to depart from this rule under the facts of the present case.

■ Defendants next contend that the sales contract provision quoted above which automatically provides the realtor with a 6% commission even though the owners themselves sell the property during the contract period, is a penalty and unenforceable, and that the proper measure of liability of defendants to plaintiff is the actual value of services rendered by plaintiff under the contract.

In view of defendants' emphasis on the question of penalties and liquidated damages, it is well to observe at the outset that liability sought to be imposed on the seller herein is essentially in fulfillment of the obligations created by the contract rather than in the form of liquidated damages for the breach thereof. The contract was entered into for the purpose of effecting a sale of the property, which purpose was accomplished. Likewise the contract clearly provided that if the owner made the sale, the realtor was to receive the stated commission.

In Andreason v. Hansen [2] this court said:

"[I]t is to be kept firmly in mind, that the courts recognize the rights of parties freely to contract and are extremely reluctant to do anything which will fail to give full recognition to such rights."

Defendants do not argue that there was fraud or any other factor which renders the contract void, nor that the seller did not understand the provision covering the payment of the commission. Recognizing the importance of the right to contract, and under the circumstances of this case, we are reluctant to alter the terms agreed upon in the contract.

Moreover, the type of "exclusive right to sell" real estate listing involved in this action has been universally upheld.[3] The nature of the real estate business, wherein the broker is paid only if a sale is made, would seem to make the contract provision here in question a reasonable one.

Affirmed. Costs to plaintiff.

HENRIOD, C. J., and CROCKETT, CALLISTER and WADE, JJ., concur.

2. 8 Utah 2d 370, 335 P.2d 404 (1959). See also Peck v. Judd, 7 Utah 2d 420, 326 P.2d 712 (1958) ; Cole v. Parker, 5 Utah 2d 263, 300 P.2d 623 (1956).

3. Anno., 64 A.L.R. 395, particularly Section IV, p. 416; 12 C.J.S. Brokers § 94.

The following Utah cases support the general rule: Frederick May & Co. v. Dunn, 13 Utah 2d 40, 368 P.2d 266 (1962) ; Lewis v. Dahl, 108 Utah 486, 161 P.2d 362, 160 A.L.R. 1040 (1945).