411 P.2d 486

The AMERICAN OIL COMPANY, a Mary-
land corporation, Plaintiff
and Appellant,

v.

GENERAL CONTRACTING CORP., a Utah
corporation, Federal Insurance Co., a cor-
poration, and United States Steel Corpora-
tion, a New Jersey corporation, Defendants
and Respondents.

No. 10326.

Supreme Court of Utah.

March 4, 1966.

---

Wayne C. Durham, Gary L. Theurer, Salt Lake City, for appellant.

Parsons, Behle, Evans & Latimer, Keith E. Taylor, Salt Lake City, for respondents.

CALLISTER, Justice.

Plaintiff, a supplier, brought suit against General Contracting Corp., subcontractor, United States Steel Corporation, prime contractor, and Federal Insurance Co., surety, for the value of materials ordered by and delivered to the subcontractor. A default judgment was entered against the latter, but the lower court granted motions by the other two defendants for summary judgments and plaintiff appeals.

U. S. Steel, having first secured the statutory required bond [1] from Federal, entered into a contract with the state of Utah for the construction of a highway bridge. The contract was dated October 4, 1961. Subsequently, U. S. Steel entered into a subcontract with General to whom plaintiff supplied material for use on the job and for which it has not been paid.

In the lower court plaintiff moved for a summary judgment against both U. S. Steel and Federal and these defendants filed cross-motions for like relief. In granting the motions of the defendants, the lower court, in a memorandum decision, held that under the statute relating to actions upon public contract bonds [2] the plaintiff was not a proper party plaintiff; the action should have been filed in Daggett County where the work was performed; and that the action was not filed within the time required by the statute.

---

1. 14–1–1 to 14–1–4, inclusive, U.C.A.1953. These sections were subsequently repealed and new provisions enacted. Ch. 15, Laws of Utah 1963, effective May 14, 1963.

2. The court did not indicate whether the old or the new statute was applicable.

■ We need not concern ourselves with the question as to plaintiff's standing nor the question of where the action should have been filed, because we are of the opinion that the action was not timely filed under either the prior statute or the 1963 act. Plaintiff supplied materials to General Contracting Corp. during a period from December 11, 1961, through December 10, 1962. It filed its complaint on May 15, 1964. The 1963 act, in Section 2, thereof, provides:

*  *  * any such claimant having a direct contractual relationship with a subcontractor of the contractor furnishing such payment bond but no contractual relationship expressed or implied with such contractor shall not have a right of action upon such payment bond unless he has given written notice to such contractor within ninety days from the date on which such claimant performed the last of the labor or furnished or supplied the last of the material *  *  *.

Plaintiff did not give the above-required ninety-day notice. Of course, to have complied with this requirement, plaintiff would have had to give the notice prior to the date upon which the act became effective.

Section 2 of the prior statute provided: *  *  * that where such action is instituted by any such creditor it shall not be commenced until the complete performance of such contract and final settlement thereof, or abandonment thereof, and shall be commenced within one year thereafter and not later.

The work provided for in the contract with the State was fully completed by U. S. Steel on December 13, 1962. It thus becomes important to determine the date of the "final settlement thereof." In State for Use and Benefit of McBride v. Campbell Bldg. Co.[3] this court stated:

Final settlement within the statute does not mean final payment or final disposition of all matters under the contract. The time of final settlement is the time when the obligee in the bond, the state, has administratively determined that performance under the contract has been made by the contractor, and the obligee has determined the amount due under the contract; that is, the obligee has determined whether or not it has any claims to assert against the surety because of the contractor's failure to perform according to his obligations under the contract. (Citing cases.)

■ We hold that May 2, 1963, was the time of final settlement. On that date, according to the uncontroverted supplemental affidavit of the senior accountant for the State Highway Commission, it was admin-

3.  94 Utah 326, 77 P.2d 341 (1938).

istratively determined the amount due to U. S. Steel and that the State had no claims to assert against either the U. S. Steel or its surety, Federal Insurance Co. Plaintiff having filed its complaint more than one year after final settlement, its action based upon the statute is barred.

■■ Plaintiff contends, however, that even though it cannot recover under the statute, it is nevertheless entitled to recover as a third party beneficiary under the contract between U. S. Steel and the state of Utah. U. S. Steel denies this and asserts such an argument is wholly foreign to the record on appeal—that the record contains no reference to a third party beneficiary claim. This is true, unless paragraph 9 of plaintiff's complaint can be construed as pleading such a claim. It reads:

9. Pursuant to Exhibits "A" (contract) and "B," the defendants' (General Contracting Corp.) contractor and surety also owe plaintiff $3,773.00.

Plaintiff argues that if the only claim intended was upon the bond, the foregoing paragraph of the complaint would be surplusage—that the use of the word, "also" indicates that plaintiff, in addition to other claims, was asserting its claim under the contract.

We cannot so construe paragraph 9. It is in harmony with the other allegations of the complaint which evidence an appar-

ent effort to state a claim under the bonding statute. Except for this contended construction of paragraph 9, the record is entirely devoid of any mention of a third party beneficiary claim. Evidently the lower court was unaware of it for it made no mention thereof in the memorandum decision. Plaintiff made no request for a finding on the matter nor a motion to amend the memorandum decision with respect thereto. We do not pass on matters raised for the first time in this court.[4]

Affirmed. Costs to respondents.

HENRIOD, C. J., McDONOUGH, CROCKETT, and WADE, JJ., concur.

---

4. Chumney v. Scott, 14 Utah 2d 202, 381 P.2d 84 (1963).