**Robert P. MORRIS, and Gump & Ayers Real Estate, Inc., Plaintiffs and Respondents,**

v.

**JOHN PRICE ASSOCIATES, INC., Defendant and Appellant.**

**No. 15660.**

Supreme Court of Utah.

Jan. 11, 1979.

George A. Hunt and L. Craig Metcalf, of Snow, Christensen & Martineau, Salt Lake City, for defendant and appellant.

Randy L. Dryer, and Frederick S. Prince, of Prince, Yeates & Geldzahler, Salt Lake City, for plaintiffs and respondents.

CROCKETT, Justice:

Plaintiffs Robert P. Morris and Gump & Ayers Real Estate, Inc. sued to recover a real estate commission claimed pursuant to a written agreement executed by the defendant John Price Associates, Inc. From a judgment awarding the plaintiffs $22,076.46 plus interest and costs, the defendant appeals.

2. Utah, 548 P.2d 238 (1976).

3. Utah, 556 P.2d 1267 (1976).

During 1975 Robert P. Morris was a licensed real estate salesman employed by Gump & Ayers Real Estate, Inc., a licensed real estate broker. Mr. Morris had contacts with the IBM Corporation and knew that it had an interest in securing office space in Salt Lake City. He also knew that the defendant would have some office space for rent in its Meridian Park Complex. He called the president of the defendant and indicated that IBM was interested and inquired about a commission. He was told to come down and pick up a set of the plans of the Complex and that he would be given a letter assuring him of a commission if IBM leased the building.

The letter furnished him by the defendant read:

Mr. Rob Morris
Gump & Ayers
240 East 2100 South
Salt Lake City, Utah

Re: Meridian Park Office Building

Dear Rob:

This letter is to assure you that we will cover you on a 6% commission if a successful lease is negotiated with IBM on the second building of Meridian Park Office Building.

Regards,
JOHN PRICE ASSOCIATES, INC.
/s/ G. L. Machan
Vice President,
Real Estate

Mr. Morris took the plans and went to California where he contacted officers of IBM. In September 1975, the real estate departments of IBM and John Price Associates, Inc. began negotiations to lease the Meridian Park office building. Mr. Morris kept informed of the progress of the negotiations through personal contacts with employees and officers of IBM. After the negotiations were completed and the lease was entered into in July of 1976, Mr. Morris requested the promised commission from the defendant. Its refusal to honor the commitment in the letter resulted in this suit.

Under instructions to the effect that if the efforts of Mr. Morris were the procuring cause of the lease, and if the defendant had not established its asserted affirmative defense that Morris was guilty of falsehood and fraud in obtaining the letter, the plaintiffs were entitled to recover, the jury found in their favor.

Based upon the prior stipulation of the parties that the court could compute the amount of the commission, it did so and entered judgment for the plaintiffs as above set forth.

The defense relied upon by the defendant is based on

Sec. 61–2–18, U.C.A.1953 (a) No person, . . . shall bring or maintain an action . . . for the recovery of commission, . . . other than licensed real estate brokers, . . .

(b) No real estate salesman shall have the right to institute suit in his own name for the recovery of a fee, commission, or compensation for services as a real estate salesman . . . any such action shall be instituted and brought by the broker with whom the salesman is connected.

▋ Upon the basis of that statute and the law as set forth in the cases of *Olsen v. Reese,*[1] and *Mosley v. Johnson,*[2] it is to be conceded that the trial court should have granted the motion for dismissal as to plaintiff Robert Morris. However, quite apart from what has just been said about the disqualification of Robert Morris, that does not disqualify the plaintiff Gump & Ayers, a duly qualified and licensed real estate broker, from rendering the service or recovering the judgment for doing so. No corporation can function except through its officers and employees. In its behalf, and as its employee, Mr. Morris obtained the letter quoted above, addressed to Gump & Ayers, promising the commission if the

1. 114 Utah 411, 200 P.2d 733.

2. 22 Utah 2d 348, 453 P.2d 149; As to this writer's personal views, see the dissent in this *Mosley* case.

lease were negotiated, which was accomplished.

We have found no error in the instructions given; and there is a sufficient basis in the evidence to justify the verdict and judgment.

What the rights may be as between plaintiff Morris and his then employer Gump & Ayers is something for them to adjust between themselves, but should in no way affect the defendant's responsibility to pay for their service in accordance with its commitment.

As to Plaintiff Morris the judgment is vacated; as to Plaintiff Gump & Ayers the judgment is affirmed. The parties bear their own costs.

MAUGHAN, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting).

While the letter signed by the vice president of the defendant corporation and given to Rob Morris had the name of Gump & Ayers following that of Rob Morris in the upper corner of the page, the letter itself was directed to Rob Morris. The evidence clearly shows that the letter was the culmination of dealings between Rob Morris and the president of the defendant corporation.

The letter and the promise contained therein said "Dear Rob: This letter is to assure *you* that we will cover *you* on a 6% commission . . ." It did not state: "Dear Rob: This letter is to assure you that we will cover *them* (Gump & Ayers) on a 6% commission, . . ." (Emphasis added).

There are certain sections of Utah Code Annotated 1953, which have a bearing on this matter. Those are:

(a) 61–2–10. It shall be unlawful for any real estate salesman to accept a commission or valuable consideration for the performance of any of the acts herein specified from any person, except his employer, who must be a licensed real estate broker.

(b) 61–2–18. (a) No person, partnership, association or corporation shall bring or maintain an action in any court of this state for the recovery of commission, a fee, or compensation for any act done or service rendered the doing or rendering of which is prohibited under the provisions of this act to other than licensed real estate brokers, unless such person was duly licensed hereunder as a real estate broker at the time of the doing of such act or the rendering of such service.

(b) No real estate salesman shall have the right to institute suit in his own name for the recovery of a fee, commission, or compensation for services as a real estate salesman except where the action is against the broker but any such action shall be instituted and brought by the broker with whom the salesman is connected.

Under these statutes it clearly appears that the letter addressed to and handed to Rob Morris (even if it be a contract) is unenforceable and he cannot bring an action based upon it. The contract is a promise to pay "Rob Morris," who is not a real estate broker, and is therefore void. Since it is void as to him, it cannot be made valid by his principal who could claim only under and through him.

Gump & Ayers did nothing towards the securing of a lease for the defendant. Only Rob Morris did anything at all, and he quit being an agent of Gump & Ayers before the defendant itself negotiated the lease. Even if Gump & Ayers had any rights while Rob Morris was their agent they lost those rights by abandoning the contract (if any) before the lease was secured by the defendant. They did not know the terms of the lease nor did they even know one had been signed.

It is difficult for me to see how Gump & Ayers have any legal basis to claim a commission in this case.

I would reverse the judgment and award costs to the appellant.