GUMP & AYERS REAL ESTATE, INC., a Utah corporation, and Victor R. Ayers, its designated real estate broker, Plaintiffs and Respondents,

v.

DOMCOY INVESTORS V, a California partnership, and Domcoy Enterprises, Inc., a Utah corporation and a general partner of Domcoy Investors V, Defendants and Appellants.

No. 21008.

Supreme Court of Utah.

Jan. 29, 1987.

Rehearing Denied Feb. 19, 1987.

Gerald H. Kinghorn, Salt Lake City, for defendants and appellants.

David R. Olson, Michael Allen, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

Plaintiffs sued defendants for their real estate commission under an exclusive listing agreement. The trial court entered summary judgment in favor of plaintiffs for $294,000, together with interest at the rate of ten percent per annum. Defendants appeal, claiming that the trial court erred in granting summary judgment to plaintiffs because the factual disputes raised by defendants were sufficient to preclude summary judgment. We affirm.

Under well settled standards of review, we view the evidence before us in a light most favorable to defendants and uphold the summary judgment only if plaintiffs were entitled to judgment as a matter of law. Utah R.Civ.P. 56(c). In construing contractual language, we need not defer to the trial court, *Faulkner v. Farnsworth*, 714 P.2d 1149 (Utah 1986), *accord Docutel Olivetti Corp. v. Dick Brady Systems, Inc.*, 731 P.2d 475 (Utah 1986), but affirm the trial court so long as the contract terms are complete, clear, and unambiguous. *Colonial Leasing v. Larsen Bros.*, 731 P.2d 483 (Utah 1986).

Defendants were the owners of a historic structure in Salt Lake City known as the Sterling-Greenwald Building. Because of certain tax advantages and rehabilitation procedures available to owners of historic structures, defendants were pursuing several marketing alternatives and in the process interviewed numerous brokers in an attempt to list the property. Ronald Christensen, manager of plaintiffs' commercial division, originally met with Eugene Doms and later with Michael McCoy, a California lawyer, both owners of the defendant corporations, to discuss a marketing proposal for the Sterling-Greenwald Building.

On May 1, 1984, Christensen submitted an overview to Doms and McCoy to facilitate their determination whether to lease, sell, or exchange the building. Christensen met several more times with McCoy, and according to McCoy, in July of 1984, McCoy executed plaintiffs' exclusive listing agreement.[1] No decision had been made at that time whether to lease, sell, or exchange the building. Rehabilitation at that time was estimated to cost around $2,000,000, with an eventual sales price of between $4,000,000 and $5,000,000, but no definite price for the building had been established. On August 28, 1984, McCoy sent Christensen a memorandum containing marketing information, and plaintiffs' "available" sign went up on August 29th. Christensen then held a seminar at plaintiffs' office and over the next few months produced several interested parties that he wanted to introduce to McCoy. McCoy suddenly ceased all communications in December of 1984, and plaintiffs learned that the building had been sold. This lawsuit followed.

Defendants' main argument on appeal is that the listing agreement was merely signed as an accommodation to allow plaintiffs to place a sign on the property; they claim that no commission was discussed either prior to or at the time the agreement was signed and that a listing price was not included because the decision whether to sell, lease, or exchange had not been made; and most importantly, they contend that in the absence of a specific time period stated in the agreement, it cannot be discerned whether or not the property was sold during the time the contract was in force.

---

1. Section 25–5–4(5) of our Statute of Frauds requires to be in writing every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation.

The exclusive listing agreement signed by McCoy provides for the payment of a six percent commission, irrespective of whether the property is sold, leased, or exchanged by plaintiffs, defendants, or any other party during the contract period. The property is described, but the price of the building and the date of contract are left blank. McCoy signed as president of defendants. Defendants at no time revoked the agreement with plaintiffs prior to selling the building for approximately $5,000,000 in December of 1984.

The absence of a specified price is not fatal to an exclusive listing agreement. *Morris v. John Price Associates, Inc.*, 590 P.2d 315 (Utah 1979). And where other evidence points to the existence of an agreement between the parties, the absence of a specified duration of a listing agreement is likewise not sufficient to render it unenforceable. *Taylor National, Inc. v. Jensen Brothers Construction Co.*, 641 P.2d 150 (Utah 1982). A listing agreement without a definite period of duration is revocable at will. *Jaudon v. Swink*, 51 N.C.App. 433, 276 S.E.2d 511 (1981). Property sold by an owner to someone not procured by his broker during the time of the listing agreement is nonetheless subject to the contractual commission. *Chumney v. Stott*, 14 Utah 2d 202, 381 P.2d 84 (1963).

McCoy admitted that he signed the agreement in July of 1984 and that he never revoked plaintiffs' agency to market the building. The language of the agreement clearly and unambiguously refers to the sales agency as exclusive. McCoy was a lawyer, well versed in legal terminology, who could ill afford the claim that he signed merely as an accommodation to plaintiffs. No affidavits were filed in opposition to summary judgment that his signature was procured through fraud, duress, or misrepresentation. Defendants' only argument was then and is now that the absence of the price and duration of the agreement rendered the contract unenforceable. Our case law holds otherwise,

and plaintiffs were therefore entitled to summary judgment as a matter of law.

The judgment is affirmed.

STEWART, J., concurs in the result.